IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2021-CA-004840-XXXX-MA
DIVISION: CV-H
JUDGE:   The Honorable Eric C. Roberson

JENNIFER BIRTZ and JAMES BIRTZ, her
husband,
       Plaintiffs,

vs.

DIVINA ACKER and HOMEAWAY
HOLDINGS, INC., a Texas corporation,
       Defendants.

_____

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Jennifer Birtz and James Birtz, her husband, sue Defendants Divina Acker and Homeaway Holdings, Inc., and allege as follows:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. At all times relevant hereto, Defendant Divina Acker was a resident of Florida.

3. At all times relevant hereto, Defendant Howeaway Holdings, Inc., was a Texas corporation:

    a. operating, conducting, engaging in or carrying on a business in this state having an office or agency in this state; and/or,

    b. engaged in substantial, and not isolated, activity within the state of Florida, including in Duval Co., Florida.

4. On or about September 11, 2020, Plaintiff Jennifer Birtz was an invitee on the property located at 7000 A1A South in St. Augustine, St. Johns County, Florida (hereinafter "the property") which included a wooden deck and walkway on the second floor of the property.

5. On or about September 11, 2020, the aforementioned deck and walkway area on the subject property were being used for their intended purposes by Plaintiff Jennifer Birtz, and caused injuries to her while she was walking there using the deck and walkway for its reasonably foreseeable and intended purpose.

6. At all times relevant, in the area where the fall occurred on the property, there was an area where there was a change in the deck floor's elevation/height with a drop off between the higher more elevated part of the deck area and a lower deck area with no railing or barrier between the two to separate the two different levels or protect against the drop off between the two levels (hereinafter referred to as "the dangerous condition").

7. At all times relevant, as a result of the dangerous condition, on or about September 11, 2020, Plaintiff Jennifer Birtz fell.

8. As a result of the above, Plaintiff Jennifer Birtz sustained serious injuries.

## COUNT I
### (Plaintiff Jennifer Birtz v. Defendant Divina Acker)

9. Plaintiff Jennifer Birtz realleges and incorporates by reference herein paragraphs 1 and 2, and then 4 through 8 above, and further states as follows:

10. At all times relevant, Defendant Divina Acker owned, possessed, maintained and/or had control over the property located at 7000 A1A South in St. Augustine, St. Johns County, Florida, which included the wooden deck and walkway on the second floor of the property where the fall occurred.

11. At all times relevant, Defendant Divina Acker rented the property to the Plaintiffs.

12. At all times relevant, Defendant Divina Acker had a non-delegable duty to maintain the property, including the wooden deck where the fall occurred, in a reasonably safe condition and prevent or correct any dangerous condition on the property that the Defendant

knew or should have known about, to wit, Defendant Acker was responsible for the maintenance, upkeep, inspection, and repair of the property, including all walkways and decking located on the property.

13. At all times relevant, Defendant Divina Acker also had a non-delegable duty to warn Plaintiff Jennifer Birtz, as an invitee of the property, of any dangerous conditions on the property, including the dangerous condition referenced above.

14. Prior to the accident, Defendant Divina Acker knew or should have known about the dangerous condition where the fall occurred on the property.

15. On or about the above date, Defendant Divina Acker negligently breached her duty to invitee, Jennifer Birtz, in one or more of the following ways:

   a. by creating and/or allowing the dangerous condition to exist and remain on the property;

   b. through its negligent mode of operation, maintenance and/or supervision of the area which allowed the dangerous condition to exist and remain in the area;

   c. by failing to correct the dangerous condition;

   d. by failing to use a rail or other barrier to prevent access to the location where the dangerous condition existed; and/or

   e. by failing to otherwise properly mark or warn of the dangerous condition.

16. As a result of the aforementioned negligence, Plaintiff Jennifer Birtz sustained bodily injuries and resulting suffering, pain, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of any preexisting condition, expense of hospitalization, medical, and nursing care and treatment, loss of ability to care for home and household, loss of earnings, and loss of the ability to earn money. These losses are either permanent or continuing, and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff Jennifer Birtz hereby demands judgment for damages against Defendant Divina Acker to the extent allowed by law, costs and interest, and demands trial by jury of all issues so triable.

## COUNT II
### (Plaintiff Jennifer Birtz v. Defendant Homeaway Holdings, Inc.)

17. Plaintiff Jennifer Birtz realleges and incorporates by reference herein paragraphs 1, and 3 through 8 above, and further states as follows:

18. At all times relevant, Defendant Homeaway Holdings, Inc., controlled, maintained and/or managed the property located at 7000 A1A South in St. Augustine, St. Johns County, Florida, which included the wooden deck and walkway referenced above.

19. At all times relevant, Defendant Homeaway Holdings, Inc., had a duty to maintain the property, including the wooden deck where the fall occurred, in a reasonably safe condition and prevent or correct any dangerous condition on the property that the Defendant knew or should have known about, to wit, Defendant Homeaway Holdings, Inc., was responsible for the maintenance, upkeep, inspection, and repair of the property, including all walkways and decking located on the property.

20. At all times relevant, Defendant Homeaway Holdings, Inc., had a duty to warn Plaintiff Jennifer Birtz as an invitee of the property, of dangerous conditions on the property, including the dangerous condition with the wooden deck and walkway referenced above.

21. Prior to the accident, Defendant Homeaway Holdings, Inc., knew or should have known about the dangerous condition where the fall occurred on the property.

22. On or about the above date, Defendant Homeaway Holdings, Inc., negligently breached its duty to invitee, Jennifer Birtz, in one or more of the following ways:

a.  by creating and/or allowing the dangerous condition to exist and remain on the property;

b.  through its negligent mode of operation, maintenance and/or supervision of the area which allowed the dangerous condition to exist and remain in the area;

c.  by failing to correct the dangerous condition;

d.  by failing to use a rail or other barrier to prevent access to the location where the dangerous condition existed; and/or

e.  by failing to otherwise properly mark or warn of the dangerous condition.

23. As a result of the aforementioned negligence, Plaintiff Jennifer Birtz sustained bodily injuries and resulting suffering, pain, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of any preexisting condition, expense of hospitalization, medical, and nursing care and treatment, loss of ability to care for home and household, loss of earnings, and loss of the ability to earn money. These losses are either permanent or continuing, and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff Jennifer Birtz hereby demands judgment for damages against Defendant Homeaway Holdings, Inc., to the extent allowed by law, costs and interest, and demands trial by jury of all issues so triable.

### COUNT III
### (Plaintiff James Birtz v. Defendant Divina Acker – Consortium)

25. Plaintiff James Birtz realleges and adopts by reference numbered paragraphs paragraphs 1 through 2, 4 through 8, and 10 through 16 above, and further states as follows:

26. At all times material hereto, Plaintiff James Birtz was the husband of Plaintiff Jennifer Birtz.

27. As a result of the injuries Jennifer Birtz suffered in the accident, James Birtz has lost care, consortium, companionship and services from his wife, and such losses will continue in the future.

**WHEREFORE**, Plaintiff James Birtz hereby demands judgment for damages against Defendant Divina Acker to the extent allowed by law, costs and interest, and demands trial by jury of all issues so triable.

### COUNT IV
### (Plaintiff James Birtz v. Defendant Homeaway Holdings, Inc., – Consortium)

28. Plaintiff James Birtz realleges and adopts by reference numbered paragraphs paragraphs 1, 3 through 8 above, and 18 through 23 above, and further states as follows:

29. At all times material hereto, Plaintiff James Birtz was the husband of Plaintiff Jennifer Birtz.

30. As a result of the injuries Jennifer Birtz suffered in the accident, James Birtz has lost care, consortium, companionship and services from his wife, and such losses will continue in the future.

**WHEREFORE**, Plaintiff James Birtz hereby demands judgment for damages against Defendant Homeway Holdings, Inc., to the extent allowed by law, costs and interest, and demands trial by jury of all issues so triable.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Defendants by service of process this _9th_ day of November, 2021.

                    **PAJCIC & PAJCIC, P.A.**

                    _/s/ Curtis S. Pajcic_
                    **CURTIS S. PAJCIC, ESQUIRE**
                    Florida Bar No.: 0068292
                    **ELIZABETH T. CARDENAS, ESQUIRE**
                    Florida Bar No.: 118126
                    One Independent Drive, Suite 1900
                    Jacksonville, FL 32202-5013
                    Telephone: (904) 358-8881
                    Telefax: (904) 354-1180
                    Primary E-mail: curt@pajcic.com; betsy@pajcic.com
                    Secondary E-mail: sabrina@pajcic.com; matt@pajcic.com
                    **Attorney for Plaintiffs**